VICTOR B. MEYEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Meyen v. Commissioner
Docket No. 21962-80.
United States Tax Court
T.C. Memo 1982-536; 1982 Tax Ct. Memo LEXIS 208; 44 T.C.M. (CCH) 1147; T.C.M. (RIA) 82536; September 20, 1982. *208 Victor B. Meyen, pro se. Anne Hintermeister, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in petitioner's Federal income tax for the taxable year 1977 in the amount of $260.74. Concessions have been made by both parties resulting in one remaining issue for our decision, i.e., the amount allowable to petitioner for sales tax. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and exhibits are incorporated herein by reference. Petitioner filed a U.S. individual income tax return for the taxable year 1977 with the District Director of Internal Revenue at New York, New York. He resided in New York City when he filed his petition. On his return petitioner claimed a deduction for general sales tax in the amount of $1,570.32. Petitioner maintained no records reflecting this payment of sales tax. In his statutory notice of deficiency the Commissioner determined that petitioner was entitled to a deduction for general sales tax in the amount of $1,212.76. OPINION The Commissioner's allowance of $1,212.76 as a deduction for general sales tax *209 consists of $506.76 from the sales tax tables and $706 which petitioner paid in state and local sales tax in purchasing a new automobile. Petitioner contends that the publication of optional sales tax tables by the Commissioner recognizes that a taxpayer is entitled to deduct sales tax based upon estimates and because record keeping of payments of sales taxes paid is so onerous, he should be allowed to deduct the amount of sales tax he estimated he paid. He points out that the Ways and Means Committee recognized that it was impossible to maintain records of their sales taxes paid. Deductions for property and income taxes can be relatively easily claimed, since the taxpayer in these cases usually can pick out one or two figures from his records for this purpose. In the case of general sales taxes, the Internal Revenue Service has prepared tables which make it possible for a taxpayer to pick from the table the deduction for general sales taxes which the Internal Revenue Service considers to be an appropriateestimate for an individual with a given income. As a result, this deduction also no longer represents a major problem of computation for taxpayers. [H.R. 1149, *210 88th Cong. 2d Sess., 1964-1 C.B. (Part 2) 173; emphasis added.] We see no merit to petitioner's position. The optional sales tax tables permit a taxpayer to deduct arbitrary amounts as representing general sales tax without substantiation but do not relieve a taxpayer of substantiating such deductions in excess of the tables. If a taxpayer desires to deduct all of the sales tax he pays he may keep records and if the records are credible the deduction will be allowed in full. [1]
Petitioner next contends that his deduction for general sales tax should be approved because of his estimate. Petitioner testified about his life style in 1977 and the parties stipulated cancelled checks, many of which were payable to a grocery store. Petitioner's proof, without any explanation as to the sales tax paid for each item is immaterial and we have not found facts from such evidence. We have likewise not found facts as to his computation of sales tax based upon elimination of fixed payments from his total income in arriving at what he must *211 have expended for items subject to sales tax. Petitioner has failed in his burden of proving the Commissioner to be in error. . Accordingly, we sustain the determination of the Commissioner as to the deduction for general sales tax. Decision will be entered under Rule 155.
Footnotes
1. Cf. ; .↩